IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| EMMANUEL THOMAS, ) | |
| ) | |
| Plaintiff, ) | **CIVIL ACTION** |
| ) | |
| v. ) | No. 05-1377-MLB |
| ) | |
| LOCKHEED MARTIN CORP., ) | |
| ) | |
| Defendant. ) | |
| ) | |

**MEMORANDUM AND ORDER**

This case comes before the court on defendant's motion to dismiss for improper venue and failure to state a claim or, in the alternative, transfer venue. (Doc. 8). The matter has been fully briefed and is ripe for decision. (Docs. 9, 11, 13).

**I.  FACTS**

In April 1998, plaintiff interviewed for a position with defendant in Wichita, Kansas. Plaintiff was interviewing to work for defendant at its plant in South Carolina. Plaintiff was employed by defendant from approximately April 1998 until October 1999. Plaintiff alleges that defendant discriminated against him on the basis of his race, in violation of Title VII, 42 U.S.C. § 2000e, and 42 U.S.C. § 1981. Plaintiff filed a discrimination charge with the Equal Employment Opportunity Commission (EEOC) soon after his termination. Plaintiff received his right to sue letter on September 30, 2005. Plaintiff filed his complaint on December 28, 2005. (Doc. 1 ¶¶ 2, 3, 6, 9, 16, 19).

Defendant moves for dismissal of plaintiff's claims on the basis that venue in this district is improper. In the alternative,

defendant requests that the court transfer this case to the proper venue. Defendant also moves to dismiss plaintiff's section 1981 claim on the basis that it is barred by the statute of limitations.

**II.  ANALYSIS**

Title VII's venue statue reads as follows:

> Such an action may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office.

42 U.S.C. § 2000e-5(f)(3).

"It has long been settled in this circuit that this provision, rather than the general venue statute, governs venue in Title VII actions." Pierce v. Shorty Small's of Branson Inc., 137 F.3d 1190 1191 (10th Cir. 1998). Plaintiff's allegations state that the discrimination began when he was treated differently than similarly situated Caucasian employees at defendant's plant. During the entire course of his employment, plaintiff was employed by defendant in South Carolina. Defendant's principal office is in South Carolina and plaintiff's employment records are maintained in South Carolina. Had plaintiff continued his employment with defendant, plaintiff would have been working in South Carolina. (Doc. 9, exh. 1, affidavit of John Slipke).

Plaintiff has failed to present any evidence to contradict the statements in Slipke's affidavit. Moreover, plaintiff's complaint does not include an allegation that would make venue in this district

proper. While plaintiff has alleged that defendant recruited him in Wichita, plaintiff has not alleged that defendant discriminated in the recruitment process. Rather, the alleged discrimination did not begin until plaintiff began working in South Carolina. Accordingly, the court finds that venue is improper in this district on plaintiff's Title VII claim.

Defendant also asserts that venue is also improper on plaintiff's section 1981 claim. Ordinarily, an individual basis for venue must exist for each separate cause of action set out in a complaint. General Bedding Corp. v. Echevarria, 714 F. Supp. 1142, 1144 (D. Kan. 1989); Wichita Fed. Sav. & Loan v. Landmark Group, Inc., 674 F. Supp. 321, 327 (D. Kan. 1987). Plaintiff's section 1981 claim is governed by the general venue statute. 28 U.S.C. § 1391(b) provides that plaintiff's claim must "be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, … or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought."

Defendant argues that none of the three basis for venue is applicable to it. Defendant, however, is a corporation. "For purposes of venue . . . a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." 28 U.S.C. § 1391(c). "Thus, under § 1132(e)(2), a corporation resides wherever personal jurisdiction is proper." Peay v. BellSouth Medical Assistance Plan, 205 F.3d 1206, 1210 (10th Cir. 2000). Defendant has

-3-

not asserted that this court lacks personal jurisdiction. Since defendant has failed to raise lack of personal jurisdiction in its motion, the defense has been waived. Fed. R. Civ. P. 12(h)(1). Accordingly, the court has personal jurisdiction over defendant. Pursuant to section 1391(c) defendant resides in this district since it is subject to personal jurisdiction. Defendant's motion to dismiss plaintiff's section 1981 claim for improper venue is denied.

The decision to dismiss plaintiff's Title VII claim or transfer it to the proper district is discretionary. Pierce, 137 F.3d at 1191; 28 U.S.C. § 1406(a). Plaintiff requests that in the interest of justice, the court transfer the entire action to the proper district instead of dismissing his Title VII claim. (Doc. 11 at 10). The court agrees. Since both claims evolve around the same factual allegations, occurring in South Carolina, it would be in the interest of justice to transfer the entire case.

### III. CONCLUSION

This case is transferred to the United States District Court for the District of South Carolina.

A motion for reconsideration of this order pursuant to this court's Rule 7.3 is not encouraged. The standards governing motions to reconsider are well established. A motion to reconsider is appropriate where the court has obviously misapprehended a party's position or the facts or applicable law, or where the party produces new evidence that could not have been obtained through the exercise of reasonable diligence. Revisiting the issues already addressed is not the purpose of a motion to reconsider and advancing new arguments or supporting facts which were otherwise available for presentation

when the original motion was briefed or argued is inappropriate. <u>Comeau v. Rupp</u>, 810 F. Supp. 1172 (D. Kan. 1992). Any such motion shall not exceed three pages and shall strictly comply with the standards enunciated by this court in <u>Comeau v. Rupp</u>. The response to any motion for reconsideration shall not exceed three pages. No reply shall be filed.

    IT IS SO ORDERED.

    Dated this <u>  28th  </u> day of April 2006, at Wichita, Kansas.

<u>s/ Monti Belot</u>
Monti L. Belot
UNITED STATES DISTRICT JUDGE

-5-